## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CR-21-347-F |
| | ) | |
| DEANTE MARKEITH AMOS THORNTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Deante Markeith Amos Thornton, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 45.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 48.  The matter is at issue.

On August 8, 2022, defendant pleaded guilty to Count 1 of the Indictment charging prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g)(8).  The Probation Office prepared a final presentence investigation report, which calculated defendant's base offense level at 20.  Defendant received a three-level adjustment under U.S.S.G.[2] § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 17.

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

Based on his criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I.  With a total offense level of 17 and a criminal history category of I, defendant's guideline imprisonment range was 24 to 30 months.

At sentencing, the court adopted the presentence investigation report without change.  The court sentenced defendant to a term of imprisonment of 30 months.  Judgment was entered on December 20, 2022; defendant did not file a direct appeal.

In his motion, defendant asserts that his sentence should be reduced based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, because he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  Congress has provided a few exceptions to this rule.  One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission.  *Id.*

The court follows a two-step process in considering defendant's § 3582(c)(2) motion.  *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013).  The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction.  If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one

is warranted in whole or in part under the particular circumstances of the case." *Id.* (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 46), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). While defendant has a criminal history score of zero, he does not qualify for an adjustment because he possessed a firearm in connection with the offense. *See*, U.S.S.G. § 4C1.1(a)(7).

As part of his motion, defendant requests the appointment of counsel. Given that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1) because he possessed a firearm in connection with his offense, the court concludes that defendant's request for appointment of counsel should be denied.

Accordingly, defendant Deante Markeith Amos Thornton's "Motion to Reduce Sentence Under § 3582(c)(2) Amendment 821 Under Zero Criminal History Points" (doc. no. 45) is **DISMISSED**. Defendant's request for appointment of counsel is **DENIED**.

IT IS SO ORDERED this 16th day of February, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0347p006.docx